942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Dale TONKIN, Defendant-Appellant.
 No. 90-50562.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 28, 1991.
 
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Dale Tonkin appeals his sentence, imposed under the United States Sentencing Guidelines (Guidelines or U.S.S.G.), following his conviction by a jury, for conspiracy to import and importation of marijuana, and conspiracy to possess and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846, 952, 960 and 963. Tonkin claims: 1) the district court impermissibly adjusted his base offense level upward pursuant to U.S.S.G. § 3C1.1 after concluding that he obstructed justice by testifying falsely at trial; and 2) the district court's failure to apply a similar adjustment to his codefendant's sentence wrought an impermissible disparity in sentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Section 3C1.1 of the Guidelines permits a district court to increase a defendant's base offense level by two if the defendant willfully perjures himself at trial. U.S.S.G. § 3C1.1, comment. n. 1(c). To punish a defendant for perjury does not impinge his right to testify in his own defense. United States v. Grayson, 438 U.S. 41 (1978); United States v. Barbosa, 906 F.2d 1366, 1369 (9th Cir.), cert. denied, 111 S.Ct. 394 (1990). We review for clear error a district court's finding that a defendant gave false testimony, see Barbosa, 906 F.2d at 1369 (citations omitted), giving " 'due regard to the opportunity of the district court to judge the credibility of the witnesses,' " id. at 1370 (quoting 18 U.S.C. § 3742(e)).
 
 
 4
 A defendant must show that his sentence was illegal, and may not rest a challenge "solely on the disparity between his sentence and [that of a codefendant]." United States v. Carpenter, 914 F.2d 1131, 1136 (9th Cir.1990) (citations omitted).
 
 
 5
 Here, Tonkin was arrested after he piloted a boat from Mexico and loaded it onto a trailer from a ramp in the San Diego harbor. United States Customs Agents found 574 pounds of marijuana secreted in the bow of the boat. Tonkin testified at trial that he had driven from California to Mexico in a van on the evening before he was arrested to visit with his wife's family, and that, in Mexico, he had been offered $200 to return to the United States by boat, illegally transporting his wife's cousin. He testified that he was unaware of the marijuana stashed in the bow. The district court found that Tonkin had taken "the witness stand and t[old] bald-faced lies ..." (Sentencing Transcript at 16). In light of inconsistencies in Tonkin's testimony, and evidence showing that the van Tonkin drove to Mexico was equipped with a trailer hitch that fit the boat trailer perfectly, and that both vehicles were registered in the same area of California, we discern no clear error in the district court's conclusion that Tonkin testified untruthfully. See Barbosa, 906 F.2d at 1369.
 
 
 6
 Tonkin has not shown that the district court misapplied the Guidelines, or relied on incorrect or inadmissible information to make this determination. We therefore uphold the sentence imposed. See Carpenter, 914 F.2d at 1136.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3